UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL KUSCHNER,

        Plaintiff,

   v.

NATIONWIDE CREDIT, INC.,

        Defendant.
_____/

NO. CIV. S-08-1212 LKK/JFM

O R D E R

Plaintiff Joel Kuschner has brought suit against defendant Nationwide Credit Inc. alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Defendant has answered and the court has issued a Scheduling Order in the case. Pending before the court is defendant's motion for leave to file a counterclaim. For the reasons stated herein, the court grants the motion.

**I. BACKGROUND**

Plaintiff filed suit in this court in May 2008. His complaint alleges that defendant has engaged in unlawful debt collection practices in violation of the Fair Debt Collection Practices Act

("FDCPA"). Among other allegedly unlawful conduct, plaintiff alleged that defendant called him several times a day for at least two months, causing the phone to ring so as to annoy plaintiff. According to plaintiff, during some of these calls defendant's agents spoke to plaintiff's mother about the purported debt and sought payment from her. Plaintiff alleges that defendant's conduct constituted harassment and abuse under 15 U.S.C. § 1692d. Plaintiff seeks a declaratory judgment, compensatory and statutory damages, and attorneys' fees.

Defendant answered in July 2008, asserting no counterclaims. In August 2008, the court held a scheduling conference, after which a Scheduling Order was issued. The order provides that no amendment of the pleadings will be permitted without a showing of good cause per Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). It also provides that the deadline for completion of discovery and for hearing all Law and Motion matters is April 27, 2009.[1]

Defendant now moves for leave to file a counterclaim under California Penal Code §§ 632, 632.7, and 637.2. According to defendant, in its December 2008 deposition of the plaintiff, defendant became aware that plaintiff recorded certain phone conversations between defendant's employees and himself. As those were purportedly done without consent, defendant alleges that plaintiff's conduct gives rise to an action for damages under the

---

[1] That these deadlines are the same appears to be an error in the order, which the court addresses *infra*.

2

Penal Code.

## II. STANDARD

**A. STANDARD FOR AMENDING THE PLEADINGS UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(b)**

Federal Rule of Civil Procedure 16(b) provides in part:

> (b) [The district court] ... shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, ... enter a scheduling order that limits the time,
> (1) to join other parties and to amend the pleadings;
> (2) to file and hear motions; and
> (3) to complete discovery.

See also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

Unlike Rule 15(a)'s liberal amendment policy, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Id.; Engleson v. Burlington Northern R.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992) (carelessness not a ground for relief under Rule 60(b)); Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (same), cert. denied, 405 U.S. 974, 92 S. Ct. 1191, 31 L.Ed.2d 248 (1972); 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). If the moving party was not diligent, the inquiry should end. Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson, 975 F.2d at 609.

Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable

3

scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted). If good cause is found, then the court turns to Rule 15 to determine whether the amendment sought should be granted. Johnson, 975 F.2d at 608.

**B.    STANDARD FOR AMENDMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(a)**

The Federal Rules provide that leave to amend pleadings Ashall be freely given when justice so requires. Fed. R. Civ. P. 15(a); see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). The court should be guided by consideration of whether the amendment would prejudice the opposing party, whether it is sought in bad faith, whether the proposed amendment would be futile, and whether the amendment would cause undue delay. Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1319 (9th Cir. 1984).

Prejudice to the opposing party is the most important of these considerations. DCD Programs, 833 F.2d at 186; see also Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990)(citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 320, 330-31 (1971)). While delay alone is insufficient to deny amendment, Loehr, 743 F.2d at 1319-20, undue delay should be considered. See

Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)(affirming district court's denial of motion for leave to amend to add new claims made two years into litigation). Leave to amend should not be granted where amendment would be futile. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988); Kiser v. General Electric Corp., 831 F.2d 423, 428 (3d Cir. 1987), cert. denied, 485 U.S. 906 (1988). The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). Miller, 845 F.2d at 214. Accordingly, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense. Id.

### III. ANALYSIS

Defendant moves for leave to amend its pleadings to assert a counterclaim based on facts that it contends it learned in December 2008. Defendant argues that the counterclaim should be permitted because it arises from the same transaction or occurrence as the facts on which plaintiff's claims are based. For the reasons stated herein, the court grants the motion.

**A. Good Cause to Amend the Scheduling Order**

As described above, whether good cause exists to modify a scheduling order relies largely on the diligence of the party seeking the modification. See, e.g., Johnson, 975 F.2d at 609; Jackson, 186 F.R.D. at 608. Here, defendant has met that standard. Defendant answered the complaint on July 2, 2008 and defendant's counsel participated in the pre-trial scheduling conference on

August 25, 2008, which resulted in the scheduling order. In October 2008, defendant requested plaintiff produce any recordings of phone calls placed to or received from defendant. Declaration of Jeffrey A. Topor In Support of Motion for Leave to File a Supplemental Pleading Asserting Counterclaim ("Topor Decl.") ¶ 2. Plaintiff responded by producing several messages purportedly left by defendant's agents on his voicemail. Id. ¶ 3. In December 2008, defendant deposed plaintiff and it is apparently undisputed that during the deposition defendant learned that plaintiff taped at least one telephone call between he and an employee with defendant. Id. ¶ 5. Defendant then requested plaintiff produce the recording and, throughout December and part of January 2009, defendant's and plaintiff's counsel corresponded by email regarding its production. Id. ¶ 8, Ex. D. Ultimately, on February 2, 2009, defendant was informed by plaintiff's counsel that plaintiff no longer had the recording. Id. ¶ 9, Ex. E. Defendant's counsel then sought a stipulation from plaintiff to file a counterclaim, which plaintiff declined to provide. Id. ¶ 10. Shortly thereafter, on February 26, 2009, defendant filed this motion.

It is apparent that defendant acted diligently. The uncontested evidence tendered to the court is that defendant was unaware of the possible basis of the counterclaim until the December 2008 deposition. There is nothing to indicate that defendant should have been aware of the facts underlying the claim earlier. After defendant was made aware of the possible claim, defendant's counsel acted diligently to pursue discovery relating

to it and obtain a stipulation from plaintiff for leave to assert the counterclaim. Less than a week after those efforts proved unsuccessful, defendant filed the instant motion. Plainly, defendant's efforts have demonstrated the requisite diligence for amendment under Rule 16. See, e.g., Johnson, 975 F.2d at 609; Jackson, 186 F.R.D. at 608. The court now turns to the question of whether amendment is proper under Rule 15. See Johnson, 975 F.2d at 608.

**B.     Appropriateness of Amendment Under Rule 15**

Leave to amend should be freely granted under Rule 15 unless the amendment would be improper or otherwise unjust, considering bad faith, undue delay, prejudice to the opposing party, and the futility of the amendment. Loehr, 743 F.2d at 1319. These factors weigh in favor of granting the amendment.

Preliminarily, there appears to have been no bad faith by defendant in seeking leave to assert the counterclaim. As described above, defendant appears to have acted diligently upon learning of the factual basis of the claim. There also is nothing to indicate that permitting defendant to assert a counterclaim would prejudice the plaintiff or create undue delay, particularly since discovery remains open until April 27. These factors all militate towards permitting the amendment.

Instead, plaintiff suggests that amendment would be futile because defendant could not prevail, as a matter of law, on the claims it intends to assert as the counterclaim. Defendant's purported counterclaim alleges the plaintiff violated California

7

Penal Code sections 632 and 632.7.[1] Section 632 makes unlawful the intentional, non-consensual recording of a confidential communication. Section 632.7 makes unlawful the intentional, non-consensual recording of a telephone communication, where at least one of the phones is a cordless or cellular telephone. Defendant alleges that plaintiff violated these sections by recording at least one telephone conversation between himself and an agent of the defendant. Topor Decl. Ex. H (proposed counterclaim).

Plaintiff contends although he did record telephone conversations, he did so to obtain evidence of the abusive and harassing nature of the calls. Plaintiff's Declaration in Support of Opposition to Defendant's Motion for Leave to File a Supplemental Pleading Asserting Counterclaim ("Pl.'s Decl.") ¶¶ 4, 5. As such, he argues, his conduct was protected from liability under Penal Code § 633.5. Section 633.5 provides,
"Nothing in Section . . . 632 . . . or 632.7 prohibits one party to a confidential communication to a confidential communication from recording the communication for the purpose of obtaining evidence reasonably believed to relate to the commission by another party to the communication for . . . a violation of Section 653m." Section 653m makes it unlawful to telephone another with the intent to annoy or harass, including by making repeated calls. Plaintiff argues that defendant's alleged conduct violated section 653m, rendering it lawful for plaintiff to record the calls.

---
[1] Penal Code § 637.2 permits a civil action for damages for violation of sections 631-637.9.

The court determines whether the counterclaim would be futile upon application of the Rule 12(b)(6) standard, that is, whether there are no set of facts under which the counterclaimant could recover on his causes of action. See Miller, 845 F.2d at 214. Here, plaintiff has not shown that standard to have been met such that leave to assert the counterclaim should not be granted.

Plaintiff contends that the plain language of Penal Code § 653m appears to encompass the conduct that is the basis of his complaint. Even if this is a proper interpretation of section 653m, the liability exception of Penal Code section 633.5 only applies where the person making the recording "reasonably believed" that defendant's conduct violated that section. Thus, both the question of what plaintiff actually believed at the time of recording the calls and whether that belief was reasonable would need to be resolved in order for plaintiff to be exempted from liability. Although plaintiff has submitted a declaration stating his actual belief, see Pl.'s Decl. ¶ 5, resolution of this issue plainly cannot be done on the pleadings. It requires the types of credibility determinations and weighing of evidence quintessentially performed by a fact-finder. Put another way, plaintiff has not shown that there are no set of facts discoverable that would permit defendant recovery on its counterclaim. As such, the amendment would not be futile. See Miller, 845 F.2d at 214.

**C. Appropriateness of Counterclaim Under Rule 13**

Finally, the asserted counterclaim is proper under Rule 13. Rule 13 identifies compulsory and permissive counterclaims. Fed.

R. Civ. P. 13(a)-(b). Compulsory counterclaims are those which arise out of the same "transaction or occurrence" that is the subject of the opposing party's claim and which do not require joinder of a party over which the court does not have jurisdiction. Fed. R. Civ. P. 13(a). In applying this rule, the court should consider whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Pochiro v. Prudential Ins. Co. of Am., 827 F.2d 1246, 1249 (9th Cir. 1987) (internal citations omitted).

When a counterclaim is compulsory, it is forfeited if it is not included in the party's pleading, including its answer to a complaint. See id. However, if the counterclaim has matured after the pleading was filed, the court may permit the party to supplement its pleading to assert the counterclaim. Fed. R. Civ. P. 13(e). In this way, the counterclaim is not considered compulsory although it may arise from the same transaction or occurrence as the opposing party's claim. See Young v. City of New Orleans, 751 F.2d 794, 800 (5th Cir. 1985).

If leave to file a counterclaim has been timely sought under Rule 13(e), the court should grant it applying the same standard as that of an amendment under Rule 15. See, e.g., Magnesystems, Inc. v. Nikken, Inc., 933 F. Supp. 944, 947 (C.D. Cal. 1996); Intel v. Hyundai Elec. America, Inc., 692 F. Supp. 1113, 1117 (N.D. Cal. 1987).

Here, defendant's counterclaim plainly arises from the same

transaction or occurrence as those comprising plaintiff's complaint, as the counterclaim concerns plaintiff's conduct during one of the telephone conversations included in plaintiff's allegations. See Topor Decl. Ex. H (proposed counterclaim). The factual overlap between the complaint and the counterclaim is so substantial that judicial economy and fairness are served by resolving them in a single suit. See Pochiro, 827 F.2d at 1249. In this way, the counterclaim appears compulsory.[2]

The counterclaim may nevertheless be asserted after defendant filed its answer because the claim did not mature until defendant became aware of the plaintiff's recording of the conversation. Under California law, the statute of limitations on claim for unlawful, secret telephone monitoring under Penal Code § 637.2 begins to run at the time the victim learns of it. Montalti v. Catanzariti, 191 Cal. App. 3d 96, 99-100 (1987). For the purposes of Rule 13, this seems the appropriate measure of when defendant's claim matured. As the Montalti court expressed, when the improper conduct alleged is, by its nature, secret, it would defy logic and basic notions of fairness to hold that the claim accrued when the act occurred, rather than when its victim became aware of it. See id. Accordingly, defendant's amendment to assert the counterclaim is timely under Rule 13(e).

Finally, as discussed *supra*, amendment of the pleadings is

---

[2]The close factual relationship between the allegations of the complaint and of the counterclaim also provides the basis for the court to assert supplemental jurisdiction over the counterclaim per 28 U.S.C. § 1367(a).

11

1  proper under Rule 15. Accordingly, defendant's motion is granted.
2  **D.   Further Modification of the Scheduling Order**
3      As state in footnote 1, the present scheduling order sets both the deadline for discovery and the deadline for hearing all law and motion matters for April 27, 2009. This appears to be an error. Accordingly, the Scheduling Order is amended as follows:

1.   All law and motion matters shall be noticed to be heard not later than June 27, 2009.
2.   The pretrial conference is set for September 28, 2009 at 2:00 PM.
3.   Trial is set for December 8, 2009 at 10:30 AM.

All other provisions of the scheduling order not expressly modified by the instant order remain unchanged.

## IV. CONCLUSION

For the reasons stated herein, the court ORDERS as follows:

1.   Defendant's motion for leave to file a counterclaim is GRANTED. Defendant shall file its counterclaim not later than five (5) days from the date of this order.
2.   The Scheduling Order is AMENDED such that
     a.   Law and Motion matters shall be noticed to be heard not later than June 27, 2009;
     b.   The Pretrial Conference is set for September 28, 2009 at 2:00 PM; and
     c.   Trial is set for December 8, 2009 at 10:30 AM.

IT IS SO ORDERED.

DATED: March 30, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT