UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL KUSCHNER,

                                   NO. CIV. S-08-1212 LKK/JFM

       Plaintiff,

   v.

                                   O R D E R

NATIONWIDE CREDIT, INC.,

       Defendant.

_____/

Pending before the court is plaintiff's Fed. R. Civ. P. 12(b)(6) motion to dismiss defendant's counterclaim and defendant's request for an Order to Show Cause as to why sanctions should not issue for plaintiff's refusal to withdraw this motion.  The court addresses these two issues separately.

**I.  BACKGROUND**

Plaintiff Joel Kuschner has brought suit against defendant Nationwide Credit Inc. alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  Among other allegedly unlawful conduct, defendant allegedly called plaintiff several times a day for at least two months, causing the phone to

1

1  ring so as to annoy plaintiff, constituting harassment and abuse

2  under 15 U.S.C. § 1692d.  Plaintiff seeks a declaratory judgment,

3  compensatory and statutory damages, and attorneys' fees.

4      On February 26, 2009, defendant filed a motion seeking leave

5  to filed a supplemental pleading asserting a counterclaim.  The

6  proposed counterclaim alleged that plaintiff had recorded one or

7  more  phone  calls  between  plaintiff  and  defendant  without

8  defendant's consent.  These recordings allegedly violated Cal. Pen.

9  Code §§ 632 and 632.7, sections for which the Penal Code provides

10  a private right of action at § 637.2.  Plaintiff opposed this

11  motion on the ground that any such counterclaim would be futile.

12  In so doing, plaintiff argued that his recording was permitted by

13  Cal. Pen. Code section 633.5.  This section provides that  "Nothing

14  in Section . . . 632 . . . or 632.7 prohibits one party to a

15  confidential communication to a confidential communication from

16  recording the communication for the purpose of obtaining evidence

17  reasonably believed to relate to the commission by another party

18  to the communication for . . . a violation of Section 653m."

19  Section 653m, in turn, makes it unlawful to telephone another with

20  the intent to annoy or harass, including by making repeated calls.

21  Plaintiff argued that defendant's alleged conduct violated section

22  653m, rendering it lawful for plaintiff to record the calls.

23      This  court  rejected  plaintiff's  argument  and  granted

24  defendant's motion.  Order of March 31, 2009, Doc. No. 21, 2009 WL

25  873530, 2009 U.S. Dist. LEXIS 30503.  I explained that "The court

26  determines  whether  the  counterclaim  would  be  futile  upon

2

1  application of the Rule 12(b)(6) standard, . . . . Here, plaintiff

2  has not shown that standard to have been met." Id. at 9 (citing

3  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)).

4  This was because

5           the liability exception of Penal Code section
           633.5 only applies where the person making the
6           recording    "reasonably    believed"    that
           defendant's conduct violated that section.
7           Thus, both the question of what plaintiff
           actually believed at the time of recording the
8           calls and whether that belief was reasonable
           would need to be resolved in order for
9           plaintiff to be exempted from liability.
           Although plaintiff has submitted a declaration
10          stating his actual belief, see Pl.'s Decl. ¶
           5, resolution of this issue plainly cannot be
11          done on the pleadings. It requires the types
           of credibility determinations and weighing of
12          evidence quintessentially performed by a fact-
           finder.

13

14 Id.

15      Plaintiff subsequently filed a Fed. R. Civ. P. 12(b)(6) motion

16 to dismiss defendant's counterclaim, which is presently before the

17 court.   The memorandum accompanying this motion is a nearly

18 verbatim copy of the memorandum submitted in opposition to

19 defendant's motion for leave.   The only changes are the omission

20 of the word "proposed" preceding counterclaim, and the request for

21 a grant of the motion to dismiss rather than denial of the motion

22 for leave.   Prior to filing an opposition to this motion, counsel

23 for defendant contacted plaintiff and requested that plaintiff

24 withdraw this motion, in light of the fact that this court had

25 already held that plaintiff's argument did not satisfy the Rule

26 12(b)(6) standard.   Decl. of Jeffrey A. Topor Supp. Def.'s Opp'n

1  to Mot Dismiss, Ex. A.  Plaintiff refused this request.  Id. Ex.

2  B.  Defendant thereafter submitted an opposition, which included

3  a request for an Order to Show Cause as to why sanctions should not

4  issue for an the amount equal to attorney's fees incurred by

5  defendant in opposing this motion, pursuant to Fed. R. Civ. P. 11,

6  28 U.S.C. § 1927, and this court's inherent authority.

7      This court held a hearing on this matter at 10:00 a.m. on June

8  1, 2009.  At that hearing, the court indicated that it would direct

9  defendant's counsel to file an affidavit setting forth the amount

10 of fees and costs incurred in opposing the present motion.  Counsel

11 stated that defendant incurred $3,190.00 in attorney's fees (11

12 hours at $290 per hour) and $131.83 in costs.

13                    **II. MOTION TO DISMISS**

14     As defendant recognizes, this court has already ruled that

15 plaintiff's  argument  does  not  demonstrate  that  defendant's

16 counterclaim  fails  to  state  a  claim  upon  which  relief  may  be

17 granted.  Plaintiff argues that his prior argument should receive

18 different treatment in the context of a motion to dismiss, because

19 "leave to amend under Rule 15 is to be liberally applied," whereas

20 this liberal standard does not inform the present motion.  Pl.'s

21 Reply, 2.  While the quoted phrase is a correct statement of the

22 law, courts may, consistent with that standard, apply the ordinary

23 Rule  12(b)(6)  standard  in  deciding  whether  amendment  of  the

24 pleadings would be futile.  Miller, 845 F.2d at 214.  This court's

25 prior order did so, and explicitly stated this fact twice.  Order

26 at 5, 9.  This court further explicitly stated that "resolution of

1  [plaintiff's argument] plainly cannot be done on the pleadings."

2  Id. at 9.   Accordingly, for the reasons stated in this court's

3  prior order, plaintiff's motion to dismiss is denied.

4                       **III.  SANCTIONS**

5      As to sanctions, defendant requests an Order to Show Cause as

6  to why sanctions should not issue pursuant to Fed. R. Civ. P. 11,

7  28 U.S.C. § 1927, and the court's inherent authority.   These three

8  sources   of   authority   authorize   sanctions   in   different

9  circumstances.   Rule 11 authorizes sanctions against an attorney

10  who signs a "pleading, written motion, [or] other paper" brought

11  for an improper purpose or that is frivolous, i.e., is not well

12  grounded in fact, warranted by existing law, or made in good faith.

13  Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002).

14  By prohibiting "frivolous" and "legally unreasonable" filings, Rule

15  11 "imposes upon counsel an affirmative duty of investigation both

16  as to law and fact before filing."   Rachel v. Banana Republic,

17  Inc., 831 F.2d 1503, 1508 (9th Cir. 1987).   Similarly, 28 U.S.C.

18  § 1927 provides that any attorney "who so multiplies the

19  proceedings in any case unreasonably and vexatiously may be

20  required by the court to satisfy personally the excess costs,

21  expenses, and attorneys' fees reasonably incurred because of such

22  conduct."   This section requires a finding of "subjective bad

23  faith," which is present when an attorney "recklessly raises a

24  frivolous argument."   Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt.

25  Co., Sec. Litig.), 78 F.3d 431, 436 (9th Cir. 1996).   Finally,

26  sanctions under the court's inherent authority may be imposed only

1  on a finding of bad faith.  Roadway Express, Inc. v. Piper, 447

2  U.S. 752, 767 (1980), Primus Auto. Fin. Servs. v. Batarse, 115 F.3d

3  644, 648 (9th Cir. 1997).

4      Here, plaintiff's motion is plainly frivolous.  The court's

5  order rejecting plaintiff's argument when it was raised in

6  opposition to the motion for leave to amend could not have been

7  clearer in stating that plaintiff's argument failed the standard

8  for a Rule 12(b)(6) motion, as would have been revealed by any

9  investigation into the law.  Plaintiff's separate argument in

10 defense of his motion is that this motion was necessary to avoid

11 waiving his affirmative defense.  This position is also

12 "legally unreasonable," Rachel, 831 F.2d at 1508.  For the reasons

13 stated above and in the prior order, plaintiff's defense under

14 Penal Code § 633.5 cannot be brought in a Rule 12(b)(6) motion.

15 Even if it could, Rule 12(h)(2) specifically provides the defense

16 of a failure to state a claim upon which relief may be granted may

17 be initially raised in later proceedings.  Similarly, Rule

18 12(h)(1), concerning waiver of defenses, omits reference to Rule

19 12(b)(6).  Plaintiff's purported belief that this motion was

20 necessary to avoid waiver represents a fundamental misunderstanding

21 of federal practice.

22     Although plaintiff's motion was both frivolous and legally

23 unreasonable, nothing indicates that plaintiff's counsel's state

24 of mind was either "reckless" or otherwise in bad faith.

25     Accordingly, an Order to Show Cause is appropriate as to why

26 sanctions should not issue under Fed. R. Civ. P. 11, but no such

1 order is not appropriate as to 28 U.S.C. § 1927 or this court's

2 inherent power.

### III. CONCLUSION

4     For the reasons stated above,

5     1.    Plaintiff's motion to dismiss, Doc. No. 26, is DENIED.

6     2.    Pursuant to Fed. R. Civ. P. 11(c)(3), plaintiff's

7     counsel is ORDERED TO SHOW CAUSE why plaintiff's filing

8     of a Fed. R. Civ. P. 12(b)(6) motion raising the exact

9     same arguments that this court had previously found not

10     to meet the standard applied to such motions, and

11     plaintiff's subsequent refusal to withdraw this motion,

12     did not violate Rule 11(b)(2). Plaintiff's counsel

13     SHALL FURTHER address whether, if sanctions are issued,

14     defense counsel's statement of fees and costs, Doc. No.

15     30, is appropriate. Plaintiff's counsel shall respond

16     to this order in writing no later than ten days from the

17     date of this order.

18     IT IS SO ORDERED.

19     DATED: June 2, 2009.

20

21

22 LAWRENCE K. KARLTON
    SENIOR JUDGE

23     UNITED STATES DISTRICT COURT

24

25

26