UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL KUSCHNER,

                              NO. CIV. S-08-1212 LKK/JFM

    Plaintiff,

  v.

                              O R D E R

NATIONWIDE CREDIT, INC.,

    Defendant.

                              /

       This court previously ordered plaintiff's counsel to show cause as to why sanctions should not issue under Fed. R. Civ. P. 11(c) for plaintiff's filing of a Fed. R. Civ. P. 12(b)(6) motion to dismiss a counterclaim, on the ground that the motion was frivolous and legally unreasonable. Order of June 2, 2009, Doc. No. 31.

       As explained in that order, defendant had previously sought leave to amend to state a counterclaim. Plaintiff opposed this motion on the ground that the proposed counterclaim would be futile. The court evaluated the futility of the proposed amended counterclaim by explicitly applying the Fed. R. Civ. P. 12(b)(6)

1

standard. Order of March 31, 2009, Doc. No. 21, at 5, 9. Concluding that the proposed counterclaim properly stated a claim, the court granted the motion for leave to amend. Id. Plaintiff then filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss the counterclaim. The memo supporting this motion was nearly a verbatim copy of plaintiff's opposition to the motion for leave to amend. Defendant requested that plaintiff withdraw this motion on the ground that these arguments had already been adjudicated, but plaintiff refused. The court denied the motion and ordered plaintiff's counsel to show cause as to why he should not pay defendant's fees and costs spent in opposing the motion.

Plaintiff argues that sanctions should not issue because plaintiff believed that although his argument has already been presented to the court, the court would evaluate the argument under a different standard in the second context. As explained in this court's prior order, this argument is both unreasonable and frivolous in light of the fact that the order granting leave to amend explicitly stated both that it was applying the Fed. R. Civ. P. 12(b)(6) standard to plaintiff's argument, Doc. No. 21, at 5, 9, and that "resolution of [plaintiff's challenge to the proposed counterclaim] plainly cannot be done on the pleadings." Id. at 9. Therefore, plaintiff's re-filing of the exact same argument as a motion to dismiss was the type of frivolous and legally unreasonable action prohibited by Fed. R. Civ. P. 11. See Doc. 31 at 5 (discussing this standard). Plaintiff's belief that filing was necessary to avoid waiver was similarly legally unreasonable.

2

Id.

Plaintiff separately argues that even if sanctions should issue, defense counsel's statement of costs is inadequate because it states that counsel spent eleven hours on the matter without providing a detailed accounting of how this time was spent. Plaintiff contends that absent such specificity, neither plaintiff nor the court may determine the reasonableness of the time spent. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (concerning fee awards under 42 U.S.C. § 1988); see also Kuroiwa v. Lingle, No. 08-00153, 2008 U.S. Dist. LEXIS 75362, *7 (D. Haw. Sept. 29, 2008). Plaintiff does not object to defense counsel's hourly rate of $290.

Having reviewed defense counsel's affidavits and the filings in this matter, it is clear that even absent a detailed accounting, defendant reasonably spent at least six hours in opposing plaintiff's frivolous motion. Accordingly, defendant is awarded $1,740 (6 hours x $290/hour) in fees. Plaintiff does not object to defendant's statement of $131.83 in costs.

For the reasons stated above:

1. Plaintiff's counsel is hereby sanctioned and ORDERED to pay defense counsel $1,871.83 ($1,740 + $131.83) within twenty days of the date of this order, pursuant to Fed. R. Civ. P. 11.

2. Counsel shall file an affidavit accompanying the payment of this sanction which states that it is paid personally

3

1         by counsel, out of personal funds, and is not and will

2         not be billed, directly or indirectly, to the client or

3         in any way made the responsibility of the client as

4         attorneys' fees or costs.

5 IT IS SO ORDERED.

6 DATED: September 15 ,2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4